IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


HOWARD G. PATTON,                                          No. 6:11-cv-06423-ST

        Plaintiff,                                       ORDER

    v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

        Defendant.


Alan Stuart Graf
Alan Stuart Graf P.C.
316 Second Rd
Summertown, TN 38483

        Attorney for Plaintiff

Adrian L. Brown
U.S. Attorney's Office
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Gerald J. Hill
Social Security Administration
Office of the General Counsel
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104

    Attorneys for Defendant

HERNANDEZ, District Judge:

  Magistrate Judge Stewart issued a Findings and Recommendation [#21] on November 21, 2012, in which she recommends that this Court reverse the Commissioner's decision to deny Supplemental Security Income to Plaintiff and remand for further proceedings. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

  Plaintiff timely filed objections to the Magistrate Judge's Findings and Recommendation. When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

  Defendant raises the following objections to the Findings and Recommendation: (1) a job requiring Level Two reasoning is inconsistent with a limitation of "simple, routine tasks and instructions", (2) the ALJ did not question the vocational expert ("VE") about the inconsistency, and (3) the ALJ erred by relying on the VE's testimony. I have carefully considered Plaintiff's objections and conclude that the first argument provides a basis to modify the recommendation that the Commissioner's decision be reversed and remanded. I agree with Defendant that a job requiring Level Two reasoning is not inconsistent with a limitation of simple, routine tasks and instructions.

Magistrate Judge Stewart explained that Level Two reasoning requires the ability to "apply commonsense understanding to carry out *detailed* but uninvolved written or oral instructions."  F&R, 16 (citing DOT, App. C § III).  She then found that a person with an RFC limitation of "simple, routine tasks and instructions" could not perform jobs requiring Level Two reasoning.  F&R, 18.  She supported this finding with cases from this district.  In particular, two of those cases addressed the exact same issue.  F&R, 17 (citing Burnsides v. Astrue, No. 09-cv-6160-BR, 2010 WL 2730966 (D. Or. Jul. 9, 2010); Pope v. Astrue, No. 10-cv-6019-PK, 2011 WL 3584802 (D. Or. May 20, 2011)).  Like Magistrate Judge Stewart, the courts in Burnsides and Pope also emphasized the word "detailed" in the Level Two reasoning definition.  Burnsides, 2011 WL 2730966, at *5; Pope, 2011 WL 3584802, at *17.  By emphasizing the word "detailed", the courts have concluded that detailed instructions cannot be simple instructions.

I disagree that the word "detailed" should be emphasized in the definition of Level Two reasoning without considering the words that follow it.  In the definition, the word "detailed" is modified with the words "but uninvolved".  The dictionary meaning of "involved" is "complicated".  Webster's New Int'l Dictionary 1191 (3d ed. 2002).  Furthermore, the definition of "complicated" is "not simple".  Id. at 465.  Thus, "uninvolved" means "simple".  The modifier "but uninvolved" must be considered when interpreting the definition of Level Two reasoning.  See e.g., Abrew v. Astrue, 303 Fed. Appx. 567, 569-570 (9th Cir. 2008) (emphasized the phrase "but uninvolved" to affirm the ALJ's finding that plaintiff could perform jobs with Level Two reasoning, despite a limitation to simple tasks).  Considering the entire phrase, "detailed but uninvolved", I find that although the instructions may be detailed, they may also be simple.  A task that includes "detailed, but uninvolved" instructions may consist of a number of steps, none of which are complex.  Therefore, a claimant who is limited to "simple, routine tasks and

instructions" is capable of performing a job requiring Level Two reasoning. I affirm the ALJ's step five finding that Plaintiff, who is limited to simple, routine tasks and instructions, can perform jobs requiring Level Two reasoning.

## CONCLUSION

The Court adopts Magistrate Judge Stewart's Findings and Recommendation [#21], with the exception of the finding that Plaintiff could not perform jobs requiring Level Two reasoning. Accordingly, the Commissioner's final decision is affirmed.

IT IS SO ORDERED.

DATED this 25 day of February, 2013.

MARCO A. HERNANDEZ
United States District Judge